IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br> v. <br><br> NATIONAL ARCHIVES AND <br> RECORDS ADMINISTRATION, <br> 8601 Adelphi Road, Room 5210 <br> College Park, MD 20740-6001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant National Archives and Records Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant National Archives and Records Administration is an agency of the United States Government and is headquartered at 8601 Adelphi Road, College Park, MD 20740. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 11, 2022, Plaintiff submitted a FOIA request to Defendant seeking access to the following public records:

> 1. All records regarding the referral from NARA to the Department of Justice regarding the records management procedures of former President Donald Trump (https://abcnews.go.com/Politics/national-archives-asks-doj-investigate-trumps-handlingwhite/story?id=82781128). This request includes, but is not limited to, all related records of communication between any official or employee of NARA and any official or employee of the Department of Justice and/or any other branch, department, agency, or office of the federal government.
>
> 2. All records regarding the retrieval of records from President Trump or any individual or entity acting on his behalf by the National Archives and Records Administration. This request includes, but is not limited to, all related records of communication between any official or employee of NARA and President Trump and/or any individual or entity acting on his behalf.

The time frame of the request was identified as "January 20, 2021 to the present."

6. By email dated February 18, 2022, Defendant acknowledged receiving Plaintiff's FOIA request on February 11, 2022 and advised Plaintiff that the request had been assigned NGC22-293.

7. By email dated March 8, 2022, Defendant informed Plaintiff that it was invoking FOIA's 10-day extension of time of time provision for "unusual circumstances."

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 28, 2022. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably

incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 23, 2022                             Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Fax:    (202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*