**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-2535 (CRC) |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | |
| Defendant. | |

**JOINT STATUS REPORT**

1.      At issue in this Freedom of Information Act (FOIA) case against the National Archives and Records Administration (NARA) is Judicial Watch's request for "records regarding the referral from NARA to the Department of Justice regarding the records management procedures of former President Donald Trump" and "records regarding [NARA's] retrieval of records from President Trump or any individual or entity acting on his behalf." Compl. ¶ 5 (ECF No. 1).

2.      As described in the parties' earlier joint status reports, NARA provided common interim responses to Judicial Watch and other FOIA requestors seeking records related to the retrieval of records from former President Trump on October 3, 2022, November 9, 2022, December 20, 2022, January 31, 2023, February 28, 2023, and March 31, 2023.  In these six interim responses, NARA collectively processed over 9000 pages and, without conceding that the materials are nonexempt, posted 1341 pages, in whole or in part, to the online reading room with some information redacted under Exemptions 3, 5, 6, and 7.  The remainder of the records were withheld in full under Exemptions 1, 3, 5, 6, and/or 7.  NARA asserts that the records contained

within these six responses constitute a complete response to Judicial Watch's request (in fact, these six responses processed a universe of records even broader than Judicial Watch's request).

3.      As also described in the parties' earlier joint status report, Judicial Watch has determined not to challenge NARA's withholdings with respect to the 1341 pages posted to NARA's online reading room and is still determining whether to challenge those pages withheld in full.[1]  To facilitate Judicial Watch's determination, NARA agreed to prepare an index grouping records withheld in full under Exemption 5 into categories conveying a factual basis for the withholding.  While NARA originally anticipated providing this index to Judicial Watch by the end of September, it notified Plaintiff on October 3, 2023 that, as part of the process of completing the index, NARA is reviewing the records to determine if it can make any further releases, including consulting with other equity holders as relevant.  The consultations have not yet been returned to NARA from equity-holding agencies.

4.      The parties respectfully request that they be permitted to file another joint status report updating the Court on the status of this case on or before December 22, 2023.

Dated: November 21, 2023          Respectfully submitted,

                                   */s/ Paul J. Orfanedes*
                                   Paul J. Orfanedes
                                   D.C. Bar No. 429716
                                   Judicial Watch, Inc.
                                   425 Third Street SW, Suite 800
                                   Washington, DC 20024
                                   (202) 646-5172
                                   porfanedes@judicialwatch.org

                                   *Counsel for Plaintiff*
                                   BRIAN M. BOYNTON

---

[1]      If Judicial Watch elects to challenge these withholdings, NARA intends to seek an order permitting NARA to initially assert Exemption (7)(A) over these records while preserving NARA's right to assert at a later date other underlying exemptions over the same records, should the Court ultimately determine that Exemption (7)(A) does not apply or has expired.

Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Alexandra Widas*
ALEXANDRA WIDAS (D.C. Bar No. 1645372)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Rm. 12400
Washington, DC 20005
(202) 616-8267
Alexandra.J.Widas@usdoj.gov

*Counsel for Defendant*