IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br><br> Defendant. | Case No. 1:22-cv-2535 (CRC) |

**JOINT STATUS REPORT**

1. At issue in this Freedom of Information Act (FOIA) case against the National Archives and Records Administration (NARA) is Judicial Watch's request for "records regarding the referral from NARA to the Department of Justice regarding the records management procedures of former President Donald Trump" and "records regarding [NARA's] retrieval of records from President Trump or any individual or entity acting on his behalf." Compl. ¶ 5 (ECF No. 1).

2. As described in the parties' earlier joint status reports, NARA provided common interim responses to Judicial Watch and other FOIA requestors seeking records related to the retrieval of records from former President Trump on October 3, 2022, November 9, 2022, December 20, 2022, January 31, 2023, February 28, 2023, and March 31, 2023. In these six interim responses, NARA collectively processed over 9000 pages and, without conceding that the materials are nonexempt, posted 1341 pages, in whole or in part, to the online reading room with some information redacted under Exemptions 3, 5, 6, and 7. The remainder of the records were withheld in full under Exemptions 1, 3, 5, 6, and/or 7. NARA asserts that the records contained

within these six responses constitute a complete response to Judicial Watch's request (in fact, these six responses processed a universe of records even broader than Judicial Watch's request).

3. As also described in the parties' earlier joint status reports, Judicial Watch has determined not to challenge NARA's withholdings in the 1341 pages posted to NARA's online reading room. For purposes of narrowing the issues in dispute, NARA agreed to prepare an index grouping the records withheld in full under Exemption 5 into categories conveying a factual basis for the withholding. While NARA originally anticipated providing this index to Judicial Watch by the end of September, it notified Plaintiff on October 3, 2023, that, as part of the process of completing the index, NARA was reviewing the records to determine if it can make any further releases, including consulting with other equity holders as relevant. The consultations confirmed that the records could be released with redactions, and NARA released these records accordingly to its online reading room on January 17, 2024.

4. Consequently, NARA is no longer withholding any responsive documents in full under Exemption 5, and an index grouping the records withheld under Exemption 5 is no longer required. At this time, Judicial Watch is considering whether to challenge the records withheld in full under Exemptions 1, 3, 6, and/or 7.[1] On February 26, 2024, NARA provided answers to questions raised by Judicial Watch about these withholdings.

5. In March 2024, NARA decided to conduct a re-review of all withholdings in responses to all FOIA requests related to the retrieval of records from former President Trump at Mar-a-Lago, and expects that at least some documents previously withheld, whether in full or in

---

[1] If Judicial Watch elects to challenge these withholdings, NARA intends to seek an order permitting NARA to initially assert Exemption (7)(A) over these records while preserving NARA's right to assert at a later date other underlying exemptions over the same records, should the Court ultimately determine that Exemption (7)(A) does not apply or has expired.

part, will be released without redaction. NARA anticipates that the first batch of documents in this re-review will be processed by the end of April, but is not yet able to provide a full timeline for the re-review.

6. In light of the re-review described above, the parties respectfully submit that this matter is not yet ripe for briefing, and request that they be permitted to file another joint status report on or before April 26, 2024, updating the Court on the status of the case.

Dated:   March 25, 2024                                   Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
porfanedes@judicialwatch.org

*Counsel for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Alexandra Widas*
ALEXANDRA WIDAS
D.C. Bar No. 1645372
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
(202) 616-8472
Alexandra.J.Widas@usdoj.gov

*Counsel for Defendant*